# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WOODROW HARRELL (#04148-095)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BEN ODOM, ET AL.** | **NO. 14-0152-BAJ-RLB** |

## RULING AND ORDER

Before the Court is an Amended **Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 3)**[1] filed by Petitioner Woodrow Harrell. Pursuant to an attachment to Petitioner's application for habeas corpus relief, the Court was able to ascertain that Petitioner was scheduled for release from confinement on or about December 22, 2014. (*See* Doc. 1-1 at p. 2). In addition, the Court further determined, from a visit to the Bureau of Prisons's website (www.bop.gov), that Petitioner was in fact released from confinement on the stated date. As a result, the Court concluded that it was likely that Petitioner was no longer confined at the facility identified in his original application as being the place of his record address. Accordingly, on February 25, 2015, the Court entered an Order (Doc. 6) directing Petitioner to, within twenty-one (21) days, advise the Court in writing whether he wished to proceed with the above-captioned matter. Recognizing that it was unlikely that Petitioner would receive a copy of the Court's Order, the Order specifically provided that "a failure to respond to this Order within the time allowed shall be interpreted by the Court as signification that [Petitioner] does not wish to

---

[1] The instant petition is amended from the original petition in this matter, (*see* Doc. 1), pursuant to a letter of deficiency and leave to amend issued by the Court, (*see* Doc. 2).

1

proceed with this matter and/or as an indication that he is no longer confined at the place provided as his record address and that he has failed to comply with the Court's rules by failing to give timely notice of his new address." (*Id.* at p. 2).

A review of the record now reflects that Petitioner has failed to respond to the Court's Order. He has failed, therefore, to comply with an Order of this Court without any justification or explanation for his failure to do so. It further appears that Petitioner has likely lost interest in the above-captioned litigation since his apparent release from confinement.

Pursuant to LR 41.2 of this Court's Local Rules, the failure of a *pro se* litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. While the instant case does not come squarely within the parameters of LR 41.2—because the record does not reflect that any pleading has been returned to a party or the Court—the Court has been reliably informed that Petitioner is no longer located at the place provided as his record address, and he has failed to respond to an explicit direction that he appear and provide notice of his intention to proceed with this case. Accordingly, the Court concludes that Petitioner has in fact failed to notify the Court of a change in his record address and has in fact lost interest in the prosecution of the claims asserted herein.

In addition to the foregoing, the imposition of a sanction under Federal Rule of Civil Procedure 16(f) is warranted under these circumstances because Petitioner

has failed to comply with an Order of the Court, and such failure critically impedes the Court's ability to proceed in this case. As a practical matter, the case cannot proceed if Petitioner cannot be located or contacted. Further, the imposition of a sanction less severe than dismissal is not feasible and would likely be futile. Were the Court to impose a less severe sanction, there would be no means by which to give Petitioner notice of that sanction. A sanction that is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. Moreover, by reason of Petitioner's failure to notify Respondents or the Court of his location, Respondents and the Court are effectively unable to prepare for any hearing or trial. Therefore, the imposition of a sanction short of dismissal without prejudice would be ineffective under the circumstances of this case. Petitioner has offered no valid excuse for his failure to apprise the Court of a current address or to respond to the Court's Order. Respondents are also entitled to a resolution of the claims brought against them. Petitioner's failure to appear or respond to the Court's Order deprives Respondents of the opportunity to clear themselves of the allegations made against them. The interests of justice do not require that Respondents remain under allegations of misconduct until Petitioner decides to proceed as required in his case.

A review of the record indicates that Petitioner has filed no pleadings and has taken no action in this case since June 2014. Nor has he responded to the Court's Order to advise whether this suit should remain on the Court's docket. Finally, he has not provided the Court with notice of an address change, as he was required to do within thirty (30) days of release from confinement at the place provided as his

record address. It appears clear that Petitioner has lost interest in the prosecution of this action.

Accordingly,

**IT IS ORDERED** that the Petitioner Woodrow Harrell's Amended **Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 3)** be **DISMISSED WITHOUT PREJUDICE** as a sanction under Rule 16(f) of the Federal Rules of Civil Procedure.

Baton Rouge, Louisiana, this 31st day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**